# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

JOSEPH TABB, :
:
        Plaintiff, :
:
      v. : No. 5:17-cv-00451-MTT-MSH
:
Warden TOBY, *et al.*, :
:
:
        Defendants. :
_____

## **ORDER AND REPORT AND RECOMMENDATION**

Pending before the court is Plaintiff's motions for summary judgment (ECF Nos. 35, 44), appointed counsel (ECF No. 34), and compelled discovery (ECF No. 39), as well as Defendants' motion for summary judgment (ECF No. 52). For the reasons explained below, it is recommended that Defendants' motion for summary judgment be granted and Plaintiff's claims be dismissed.

### BACKGROUND

This action arises from Plaintiff's placement in the Tier II administrative segregation program at Hancock State Prison. According to Plaintiff, "[t]he Tier II program is part of a comprehensive facility-wide-stratification plan" designed to "manage the institutional conduct and programmatic needs of the assigned population." Compl. 5, ECF No. 1. Inmates placed in the Tier II program are assigned to "the most restrictive cells designed to house assaultive offenders who are violent [and] aggressive" and "refuse to comply with Tier II conduct program requirements." *Id.* at 6. The Tier II program has

three phases, which inmates progress through "based upon his or her behavior [and] ability to adjust." *Id*. at 7. Plaintiff claims he was transferred to Hancock State Prison on September 6, 2017, and placed in Tier II administrative segregation without "an official mandatory review hearing." Compl. 8. On February 23, 2018, the Court, after conducting a preliminary screening of Plaintiff's claims, allowed all of his Fourteenth Amendment due process claims based on his Tier II placement to proceed for further factual development. Order 8, ECF No. 10.

**DISCUSSION**

**I. Plaintiff's Motion to Appoint Counsel**

Plaintiff moves for the Court to appoint counsel to assist in this case. Mot. to Appoint Counsel 1, ECF No. 34. The Court denied Plaintiff's prior motion to appoint counsel (ECF No. 3) because he failed to show extraordinary circumstances justifying the appointment of counsel. Order 1-2, Nov. 29, 2017, ECF No. 6. Now, Plaintiff argues counsel should be appointed for him because his claims have proceeded past preliminary screening, require complex discovery, and he faces "extreme restrictions" in prison, including restricted library access. Mot. to Appoint Counsel 1-2.

There is "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Indeed, "appointment of counsel in a civil case . . . is a privilege that is justified only by exceptional circumstances." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Such circumstances do not exist here. In deciding whether legal counsel should be provided, the Court considers, *inter alia*, the merits of Plaintiff's claims and the complexity of the issues

2

presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc). The facts of this case are not overly complicated and the law governing Plaintiff's claims is neither novel nor complex. Accordingly, Plaintiff's motions seeking appointed counsel (ECF No. 34) is denied.

## II. Plaintiff's Motion to Compel

Petitioner filed a motion to compel discovery (ECF No. 39) on July 16, 2018. Therein, he asks the Court to compel Defendants Hargrove, Clark, Kendrick, [and] Toby "to answer interrogatories" which they "have failed to answer[.]" Mot. to Compel 1, ECF No. 39. Plaintiff also requests an order compelling Defendants to produce documents "for inspection and copying[.]" *Id.* Defendants responded by insisting they had not received any written discovery requests from Plaintiff and noting that Plaintiff failed to attempt to resolve any discovery dispute prior to filing his motion—as "required by Rule 37 of the Federal Rules of Civil Procedure and also by this Court's Local Rules." Resp. to Mot. to Compel 1, ECF No. 40.

District courts are "allowed a range of choice" in reviewing motions to compel. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). For example, district courts "can deny a motion to compel [] discovery if it concludes that the questions are irrelevant." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). Here, Defendants have apparently not actually received discovery requests from Plaintiff so cannot not be described as "failing to make disclosure or discovery" in violation of procedural rules. *See* Fed. R. Civ. P. 37(a)(1). Further, Plaintiff has not described his proposed interrogatories or requested documents sufficiently for the Court to ascertain

3

whether they are even relevant. Accordingly, Plaintiff's motion to compel discovery is denied.

## III. Summary Judgment Motions

Plaintiff argues that he is entitled to summary judgment because he has been "placed in indefinite segregation that is punitive in nature . . . without being notified of the alleged misconduct for which he was segregated" and has not been "afforded an opportunity to appeal his segregation assignment" in violation of his constitutional rights. Mot. for Summ. J. 2, ECF No. 44.[1] Defendants respond by insisting that Plaintiff is not entitled to summary judgment because his motions do not comply with applicable procedural rules and do not have sufficient evidentiary support. Resp. to Pl.'s Mot. for Summ J. 1-2, ECF No. 53. Further, Defendants move for summary judgment in their favor claiming, *inter alia*, that Plaintiff failed to exhaust his administrative remedies. Br. in Supp. Mot. for Summ. J. 2, 16, ECF No. 52-2. Plaintiff was notified of Defendants' motion but did not respond to it. Notice, ECF No. 54.

Failure to exhaust administrative remedies "is a matter in abatement and not generally an adjudication on the merits [and, therefore,] is not ordinarily the proper subject for a summary judgment [motion]." *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008). If such an argument is raised in a motion for summary judgment, it should be treated as if it were raised in a motion to dismiss. *Id*. at 1375. Accordingly, the Court has analyzed

---

[1] Plaintiff has had two separate submissions docketed as motions for summary judgment (ECF Nos. 35, 44). Only the second submission (ECF No. 44) contains legal argument in addition to statements of fact. Thus, the Court refers to ECF No. 44 as "Mot. for Summ. J." in citations and refers to ECF No. 35 as "Statement of Facts" in relevant citations.

4

Defendants' failure to exhaust argument as if it were brought in a motion to dismiss. Because Plaintiff did not exhaust his administrative remedies, the Court recommends that his remaining claims should be dismissed and declines to address Defendants' other grounds for judgment in their favor.

A. Exhaustion Standard

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). Because dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Rich*, 530 F.3d at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to

5

resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

B. Plaintiff's Failure to Exhaust

Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's complaint cannot be dismissed for lack of exhaustion at this first step. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011). At this second step, the Court can make factual findings relating to exhaustion and, as noted above, Defendants bear the burden of establishing a lack of exhaustion. *Turner*, 541 F.3d at 1082-83. The Court makes the following factual findings and determines that Defendants have met their burden regarding Plaintiff's claims.

The GDOC standard operating policy governing administrative segregation (SOP 209.08) applies to all facilities that operate a Tier II program, including Hancock State Prison. Toby Aff. ¶ 6, ECF No. 52-4. Decisions regarding a prisoner's "progression" through the Tier II program's different stages are made on-site at each administering facility. *Id.* ¶ 7. A prisoner's assignment in the program is reviewed at 90-day intervals. *Id*. ¶¶ 8, 31. Prisoners are able to appeal their initial assignment in Tier II and every 90-day review decision. *Id*. ¶¶ 8, 30. To appeal a 90-day review decision, a prisoner must submit written objections that include "detailed information regarding his appeal . . . within three business days of receiving notice of the same." *Id*. ¶ 33. GDOC procedure also allows for periodic informal reviews of a Tier II prisoner's status. *Id*. ¶ 34. If a prisoner

6

in Tier II is transferred to a new facility during their 90-day review window, their new facility conducts a 90-day review as scheduled prior to the transfer. Toby Aff. ¶ 9.

Plaintiff has asserted that his placement in Tier II was not properly reviewed when he was transferred to Hancock State Prison and that he was not given an opportunity to appeal a later determination that determined he would remain in the Tier II program. Compl. 8; Mot. for Summ. J. 2. With his complaint, Plaintiff submitted a grievance form in which he complains of having "an unofficial placement review hearing" and being "denied a chance to appeal [the result.]" Compl. Ex. 5, ECF No. 1-5.

Defendants show that on July 25, 2017, Plaintiff had a 90-day review at his previous facility in which he did not make a statement and "was given an appeal form[]" but did not appeal the recommendation that he remain in Tier II. Toby Aff. ¶ 37, Attach. 4 at 56. They also submit the "Initial Segregation Review" form provided to Plaintiff upon his arrival at Hancock State Prison which notified him of the recommendation that he remain in Tier II and his right to appeal. *Id*. ¶ 39, Attach. 4 at 58-60. Plaintiff's Tier II status was reviewed again in October 2017 and was provided an appeal form regarding that decision on October 18, 2017. *Id*. ¶ 42, Attach. 4 at 61-62. His status was next reviewed in January 2018, when he was again provided a review memo and appeal form. *Id*. ¶ 43, Attach. 4 at 63-64. There is apparently no record of Plaintiff ever appealing his placement in the Tier II program through the established process to do so. Br. in Supp. Mot. for Summ. J. 16. Plaintiff initiated this lawsuit on November 16, 2017 (ECF No. 1).

"The PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's

deadlines and other critical procedural rules." *Id*. at 91. The proper exhaustion requirement is central to achieving the aim of giving the administrative authority an opportunity to "address[] the issues on the merits." *Halpin v. Crist*, 405 F. App'x 403, 407 (11th Cir. 2010). Accordingly, "where an inmate's grievance fails to meet administrative deadlines or an existing exception to a timely filing requirement, his federal claim will be barred." *Tilus v. Kelly*, 510 F. App'x 864, 866 (11th Cir. 2013).

In this district, it has been found that inmates seeking to contest their placement in segregated prison housing must exhaust available administrative remedies specific to that placement. *Gumm v. Chatman*, No. 5:15-CV-41-MTT-CWH, 2016 WL 8715665, at *5-6 (M.D. Ga. Jan. 22, 2016), *report and recommendation adopted as modified*, No. 5:15-CV-41-MTT, 2016 WL 1266950 (M.D. Ga. Mar. 31, 2016) A sister district has recognized that a plaintiff who, like Plaintiff here, "did not file an appeal of his classification [as a Tier II inmate] did not exhaust his available administrative remedies[.]" *Walker v. Smokes*, No. 6:15-CV-57, 2018 WL 3241926, at *6 (S.D. Ga. July 3, 2018), *report and recommendation adopted*, No. 6:15-CV-57, 2018 WL 3715830 (S.D. Ga. Aug. 3, 2018).[2] Defendants have shown that the Tier II-specific appeals process was available to Plaintiff such that the exhaustion requirement of 42 U.S.C. § 1997e(a) is applicable. *See Ross v. Blake*, 136 S. Ct. 1850, 1859-60, (2016). Because, Plaintiff did not exhaust the administrative remedies available to him before filing this lawsuit, it is recommended that Defendants' motion for summary judgment be granted and Plaintiff's claims dismissed.

---

[2] The Eleventh Circuit has not specifically addressed whether a plaintiff whose claims are based on their placement in Tier II must complete the Tier II-specific administrative appeals process.

## CONCLUSION

For the reasons explained above, it is recommended that Defendants' motion for summary judgment (ECF No. 52) be granted and Plaintiff's claims and motions for the same (ECF Nos. 35, 44) be dismissed. Plaintiff's motions for appointment of counsel (ECF No. 34) and compelled discovery (ECF No. 39) are denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED AND RECOMMENDED, this 4th day of February, 2019.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE