# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JOSEPH TABB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-cv-451 (MTT) |
| | ) |
| WARDEN TOBY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Stephen Hyles recommends granting the Defendants' motion for summary judgment on the grounds that the Plaintiff failed to exhaust his administrative remedies. Doc. 55. The Plaintiff has not objected,[1] and pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation for clear error. After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 55) is **ADOPTED** with the following modifications:

The Recommendation reads in part: "Plaintiff has asserted that his placement in Tier II was not properly reviewed when he was transferred to Hancock State Prison and that he was not given an opportunity to appeal a later determination that determined he would remain in the Tier II program." Doc. 55 at 7. The word "later" should be omitted,

---

[1] The Plaintiff has not responded to the Report and Recommendation or to the motion for summary judgment. It is possible that the Plaintiff's address has changed and he is not receiving mail. However, as the Magistrate Judge made clear in his preliminary screening Order, the Plaintiff "shall keep the clerk of this Court ... advised of [his] current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of [the Plaintiff's] pleadings." Doc. 10 at 8-9.

so that the sentence reads: ". . . and that he was not given an opportunity to appeal a determination . . .". The Plaintiff's complaint focuses not on the denial of appeal of a later hearing, but of the September 7, 2017 hearing which is the subject of his complaint. Further, the uncontroverted facts establish that the September 7, 2017 hearing was not a part of the procedure for contesting placement in Tier II. Doc. 52-4 ¶¶ 39-40. Rather, the Georgia Department of Corrections' Standard Operating Procedure provides for periodic 90-day reviews, at which inmates may challenge their classification. Docs. 52-5 ¶ 3; 52-4 ¶¶ 9, 27-34, 39-40. The Plaintiff had such a hearing in October 2017, and it was determined he would remain in Tier II. Doc. 52-3 at 54:7-55:6. The Plaintiff testified that he did not appeal that decision. *Id.*

The Recommendation (Doc. 55) is **ADOPTED as modified**. Accordingly, the Plaintiff's two motions for summary judgment (Docs. 35; 44) are **DENIED**, and the Defendants' motion for summary judgment (Doc. 52) is **GRANTED**. The complaint (Doc. 1) is **DISMISSED** without prejudice.[2]

**SO ORDERED**, this 25th day of March, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Although the defense of failure to exhaust administrative remedies was raised in a motion for summary judgment, exhaustion is a "matter[ ] in abatement, [which] ordinarily [does] not deal with the merits." *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008) (quotation marks and citation omitted). The dismissal, therefore, is without prejudice.